UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JOGAAK D. JOGAAK,<br><br>    Plaintiff,<br><br>vs.<br><br>KAREN SCHREIER, Judge Karen, in her official capacity,<br><br>    Defendant. | 4:22-CV-04092-LLP<br><br><br>1915A SCREENING ORDER FOR DISMISSAL |

  Plaintiff, Jogaak D. Jogaak, an inmate at the South Dakota State Penitentiary, filed a pro se lawsuit under 28 § U.S.C. § 1331 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[1] Doc. 1. He filed a motion for leave to proceed in forma pauperis and provided a prisoner trust account report. Docs. 4, 5. Jogaak has also filed a motion for appointment of counsel, a motion for subpoena, a motion for pretrial conference, and a motion to consolidate cases. Docs. 3, 12, 14, 15. This Court granted Jogaak's motion to proceed in forma pauperis on July 18, 2022, and required him to pay an initial partial filing fee of $10.01. Doc. 7. Jogaak has timely paid his initial filing fee. This Court will now screen Jogaak's complaint under 28 U.S.C. § 1915A.

**FACTUAL BACKGROUND**

---

[1] Jogaak initially filed his lawsuit under 42 U.S.C. § 1983. Doc. 1 at 1. He has since filed a "Notice of Harmless Errors; and Motion to Proceed Document 1 as a 28 U.S.C. § 1331 claim" in which he states that he intended to file this lawsuit "pursuant to: 28 U.S.C. § 1331 Federal Question against federal officials." Doc. 18 at 1. This Court grants Jogaak's motion and will treat Jogaak's lawsuit as a *Bivens* claim.

1

Jogaak claims that the Honorable Karen E. Schreier "dismissed [his] motion for discovery and motion for a hearing" and that she "also dismissed [his] case with prejudice."[2] Doc. 1 at 4. He claims that he did not get to make an initial appearance. *Id.* Jogaak alleges that this dismissal has violated his Eight and Fourteenth Amendment rights. *Id.* at 4-5. He alleges that Judge Schreier has breached her fiduciary duty and committed legal abuse. *Id.* He also alleges that this has caused him mental anguish, anxiety, depression, stress, and loss of liberty and pursuit of happiness. *Id.* He asks that Judge Schreier "be dealt with according to law." *Id.* at 7.

In a subsequent filing, Jogaak explains that Judge Schreier "did commit treason by breaching the legal duty of care, by not scheduleing [sic] a hearing within due time in accordance with 28 U.S.C.S. § 2243, due to dilatory practice." Doc. 2 at 1. He further accuses her of dismissing his motions as moot out of retaliation. *Id.* He seeks money damages for the alleged violations of his rights. *See* Doc. 8 at 2, 4; Doc. 16 at 11.

## LEGAL BACKGROUND

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

---

[2] The Court takes judicial notice of Jogaak's prior petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Jogaak v. State of South Dakota*, 4:21-CV-04023-KES. In that case, Judge Schreier adopted Magistrate Judge Duffy's report and recommendation in full and dismissed Jogaak's habeas petition with prejudice as time barred. *See Jogaak*, 4:21-04023-KES, Doc. 37 at 4-5.

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663-64 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550-U.S. at 553-63)). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

## DISCUSSION

### I. Claims Against Judge Schreier

Jogaak claims that Judge Schreier violated his Eighth and Fourteenth Amendment rights when she dismissed his habeas petition without a hearing. *See* Doc. 1 at 4-5; Doc. 10 at 1-3; *see also Jogaak*, 4:21-04023-KES, Doc. 37 at 4-5. Judges are generally immune from suit if the judge had jurisdiction over the party. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him."). "A judge will not be deprived of immunity because the action he took was in error, was done

3

maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " *Id.* at 356-57 (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Judges are immune from suit with two narrow exceptions. *See Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)).

These exceptions do not apply here. Judge Schreier's dismissal of Jogaak's habeas petition was an action taken in her judicial capacity, and Jogaak has made no showing that Judge Schreier lacked jurisdiction over his petition. *See* Doc. 1 at 4-5. Thus, Jogaak's claims again Judge Schreier are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

## II.  Strike Under 28 U.S.C. § 1915(g)

The court finds that Jogaak's complaint fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Eighth Circuit has explained that "[d]ismissals based on immunity are not among the types of dismissals listed as strikes in [§] 1915(g)[.]" *Castillo-Alvarez v. Krukow*, 768 F.3d 1219, 1220 (8th Cir. 2014) (per curiam). Jogaak's complaint is dismissed based on Judge Schreier's judicial immunity. Thus, this dismissal does not constitute a strike.

Accordingly, it is ORDERED:

1. That Jogaak's complaint, Doc. 1, is dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).
2. That Jogaak's motion to proceed document 1 as a 28 U.S.C. § 1331 claim, Doc. 18, is granted
3. That Jogaak's motion for appointment of counsel, Doc. 3, is denied as moot.
4. That Jogaak's motion for subpoena, Doc. 12, is denied as moot.
5. That Jogaak's motion for pretrial conference, Doc. 14, is denied as moot.
6. That Jogaak's motion to consolidate cases, Doc. 15, is denied as moot.

DATED November 21, 2022.

ATTEST:
MATTHEW W. THELEN, CLERK

BY THE COURT:

Lawrence L. Piersol
United States District Judge